# HELLER, DRAPER, PATRICK, HORN & DABNEY, L.L.C.

### *A T T O R N E Y S   A T   L A W*

650 POYDRAS STREET, SUITE 2500
NEW ORLEANS, LOUISIANA  70130-6103
TELEPHONE: (504) 299-3300  FAX: (504) 299-3399

Douglas S. Draper
Direct Dial: (504) 299-3333
E-mail:  ddraper@hellerdraper.com

9311 BLUEBONNET BLVD.
BATON ROUGE, LA 70810
TELEPHONE:  (225) 767-1499  FAX:  (225) 761-0760

EDWARD M. HELLER
(1926-2013)

*REPLY TO THE NEW ORLEANS OFFICE*

March 12, 2015

**Via Email**

Mr. Terrence A. O'Malley
Putnam Energy, LLC
1 Oak Hill Center, Suite 300
Westmont, Illinois 60559

> ### *Re:     Putnam Energy, LLC*

Dear Mr. O'Malley:

On behalf of Heller, Draper, Patrick, Horn & Dabney, L.L.C. ("Firm"), I want to thank you for engaging us to perform professional services on behalf of Putnam Energy, LLC ("Client") relative to the referenced matter. It is our understanding that we have been engaged to provide financial advice and perform any services deemed necessary on your behalf relative to this matter. This letter agreement is our customary method of confirming the terms upon which our services are provided.

1.     Retention of Firm

Client has retained the Firm in accordance with the following terms.  This letter agreement replaces all prior agreements between the parties.

2.     Fees and Expenses

The Client will compensate the Firm based on professional fees which are ordinarily billed on a monthly basis and generally calculated based on an hourly rate.  The Firm's hourly rates are subject to change, and the Client will be charged the rate current at the time the services are performed.

2.1     Fees.  The Client will compensate the Firm based on the Firm's hourly rates for those personnel performing the specific services required except as set forth below.  The attorneys principally responsible for the file will be myself and the Firm.  The Firm's standard hourly rates are for Douglas S. Draper - $450.00, Leslie A. Collins - $400.00, Greta M. Brouphy - $300.00, and paralegals - $90.00.   The Firm will record the time of its attorneys, paralegals and law clerks who provide services to the Client, including travel time, to the nearest one-quarter hour.

2.2     Expenses.  The Client will reimburse the Firm for expenses, including administrative costs, reasonably incurred in performance of services (e.g., long distance telephone, faxes, delivery,

March 12, 2015
Page 2

copying, clerical overtime, travel, etc.).

3.    <u>Payments.</u>

3.1    <u>Monthly Payments</u>. Each month the Client will receive an invoice from the Firm. This invoice will describe the costs advanced on your behalf during the previous month together with a description of the services performed on your behalf by the attorneys, paralegals and law clerks of the Firm. The invoice is payable upon receipt. An attached statement will summarize payments made by you during the previous month and will indicate the amount of any outstanding balance due on your account at the end of the month. This balance may not match your records if you have made a payment after the statement date.

3.2    <u>Retainer</u>. Client has agreed to pay to firm the sum of $25,000.00 as a retainer. Fees and expenses may be charged against the retainer at any time at the discretion of the Firm. In the event any or all of Client's entities determine to file any type of bankruptcy case, all pre-petition charges due the Firm as of the date of the filing will be paid out of the retainer prior to filing. In the event that such a post-petition retainer and filing fees are not posted with the Firm prior to any contemplated filing, the Firm may withdraw as counsel for Client, and shall have no responsibility to file and/or prosecute any bankruptcy case of Client.

4.    <u>Conflicts</u>

We have conducted an internal search for existing conflicts of interest and based on that search we have determined that the Firm does not represent any of the parties you have identified as having an interest in the captioned matter. We may have clients active in your field of business or provide similar products or services or who may have dealings with the Client. The nature of our relationship with those clients is, in our opinion, not such as to impair our ability to provide you with impartial representation in this matter, all in accordance with the Rules of Professional Conduct.

Inasmuch as our representation is limited to the specific matters referred to in the captioned matter (and such other specific matters as which you may later request our assistance), it should also be understood that only those specific areas will be considered in determining whether there is a conflict of interest affecting our representation of another client.

5.    <u>Communications</u>

Communications between Client and this Firm are ordinarily subject to the attorney/ privilege and/or work product doctrine under state and federal law. This privilege and/or protection is subject to waiver, and is not enforceable or applicable under certain circumstances, as provided by law.

In connection with this engagement, we may communicate with Client or others who represent Client via e-mail transmission. It is the intention of Client and this Firm that such communications are intended to be subject to the attorney- privilege and other applicable protections against disclosure in the same manner and to the same extent as are communications through first class mail and that no waiver is intended or to be implied as a result of the use of email communication. As e-mails can be intercepted and read, disclosed, or otherwise used or communicated by an unintended third party, or may not be delivered to each of the parties to whom they are directed and only to such parties, we cannot guarantee or warrant that e-mails from us or to us will be properly delivered and read only by the addressee although that it our mutual intention. Therefore, Client specifically disclaims and waives any liability or responsibility on the part of the Firm whatsoever for interception or unintentional disclosure or communication of e-mail transmissions, or for the unauthorized use or failed delivery of e-mails transmitted by us in connection

March 12, 2015
Page 3

with the performance of this engagement. In that regard, Client agrees that the Firm shall have no liability for any loss or damage to any person or entity resulting from the use of e-mail transmissions, including any consequential, incidental, direct, indirect, or special damages, such as loss of revenues or anticipated profits, or disclosure or communication of confidential or proprietary information. Client acknowledges and agrees that the Firm may indicate and disclose the fact of its representation of Client in professional and trade journals, periodicals, firm brochures, printed materials and the like.

6.      <u>Termination</u>

        This letter agreement may be terminated at any time upon reasonable written notice by either party.

        Subject to applicable court rules and any applicable Rules of Professional Responsibility, either of us may terminate our representation upon written notice to the other. In such an event, any and all charges for fees and costs through the date of termination, and any transition costs and expenses thereafter, including time spent providing information to and/or briefing any replacement counsel, and transition charges, such as copying files, indexing files, delivery charges etc., shall be billed at the rates provided herein and shall be due and payable as set forth herein. Any such amounts if not paid timely, may be charged against and paid from the retainer prior to the refund of any balance of the retainer to Client.

        We will use our best efforts in representing Client's interests, although it is understood that we make no warranties or representation concerning the success of our efforts or any likely outcome as to the matters on which the Firm has been engaged.

        Please advise us promptly if at any time the Client feels that the matters on which we are engaged are not receiving the attention which the Client feel is appropriate. We look forward to a continuing good relationship.

7.      <u>Retention of Records</u>

        We may destroy all files and documents obtained in connection with this matter five (5) years after the conclusion of the engagement unless the Client requests the return of the files prior to that time.

        We are very pleased to represent you in this matter. Please execute and return this letter to my attention immediately. Please advise us promptly if at any time you feel that this matter is not receiving the attention which you feel is appropriate. We look forward to a continuing good relationship.

        With kindest regards, I am

                                Sincerely,

                                Douglas S. Draper

DSD:dh

March 12, 2015
Page 4


**Agreed to and Accepted by:**

**Putnam Energy, LLC**